

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-5950

Re: Under the holding of the
Court of Criminal Appeals
in the case of Adamson v.
State 171 S. W. (2d) 121,
paragraph 14 of the opinion
can the Longview Independent
School District have its
taxes assessed and collected
by its own assessor and
collector?

We are in receipt of your letter of recent date,
requesting an opinion on the question stated in your
letter, reading as follows:

"In view of the holding of the Court of
Criminal Appeals in the case of Adamson v.
State, 171 S. W. (2d) 121, paragraph 14 of the
opinion, can the Longview Independent School
District have its taxes assessed and collected
by its own assessor and collector.

" I am enclosing an argument in connection
with this problem which may be of some
assistance.

"Your usual prompt consideration and opinion
of this matter will be greatly appreciated. "

Replying to the foregoing, you are advised that,
in our opinion, the opinion in the case of Adamson vs
State, 171 S. W. (2d) 121 does not hold that an Independent
School District can not have its own assessor and collector.
In that case, the Hadley Independent School District ap-
pointed a man "to collect the school tax" who shortly
thereafter was elected county assessor and collector.

Honorable L. A. Woods          Page 2

He never made bond nor qualified as assessor and collector
of the school district, but did collect the school tax
for the years 1939 and 1940.  He was indicted for con-
version of certain funds of the school district.  The
Court of Criminal Appeals held that there had been no
office of tax assessor and collector of the district
created and that Adamson could not be prosecuted as an
"officer" of the district, but should have been prosecuted
as an officer of the County.  The Court further held that
"

     ". . . if it be thought that the act of the school
     trustees in designating appellant as collector of
     taxes for the school district created the office
     of school district collector of taxes, then his
     subsequent qualification as county assessor and
     collector on January 2, 1939 vacated the office of
     district collector, and under the holding in Truitt
     et al v. Glen Rose Independent School District No. 1
     120 Tex. 45, 84 S. W. (2d) 1004, 100 ALR 1158, and
     Odem vs Sinton Independent School District, Tex.
     Com App. 234, S. W. 1090, he could not thereafter
     be regarded even as a de facto officer of the school
     district.

     "If the trustees dealt with appellant as a
     private citizen when they designated him as
     collector for the district, and their said act did
     not create the district office of collector--as
     heretofore indicated--then appellant should have
     been prosecuted as agent of the school district
     for the collection of the taxes, and not as an
     officer of the district; for, as contended by appellant,
     he received the tax money not by virtue of his office
     but under a contract with the trustees."

          In the case of First Baptist Church vs City
of Fort Worth, Tex Com App. 26 S. W. (2d) 196-198 it
was claimed that an assessment of taxes was void because
the party making the assessment was attempting to hold
two offices of emolument in violation of Article 16,
Section 40 of the State Constitution, but in the act
incorporating the Fort Worth Independent School District ,
it was provided that the assessment and collection of
taxes for the district should be made by the assessor
and collector of the City of Fort Worth.  It was held
that no new office of assessor and collector for the
school district was created, but that only additional
duties were imposed upon the City assessor and collector,
and that, therefore, there was not violation of said
Article 16, section 40 of the Constitution.

In neither of these cases, the Hedley Independent School District and the Fort Worth case, was it held that no authority existed for an independent district to have its taxes assessed and collected by its own assessor and collector. In the Hedley case it was in fact held that it could have appointed its own assessor and collector, and in the Fort Worth case it was held that the special act provided expressly that the taxes of the district should be assessed and collected by the City assessor and collector of the City of Fort Worth.

The Longview Independent School District was created by House Bill No. 386, 31st Legislature and contains the following language:

"That the Longview Independent School District shall have and exercise and is hereby invested with all the rights, powers, privileges and duties granted under and by the general laws of this State to independent districts formed by the incorporation of a town or village for free school purposes only; and the board of trustees of said Longview Independent School District shall have and exercise and are hereby invested and charged with all of the rights, powers, privileges and duties conferred and imposed by the general laws of this State upon the trustees of Independent School Districts"

What are some of the "rights, powers, privileges and duties" conferred and imposed by the general laws? Article 2779 Vernon's Rev. Civ. Statutes reads as follows:

"Said trustees shall meet within twenty days after the elections or as soon thereafter as possible, for the purpose of organizing. A majority of said board shall constitute a quorum to do business. They shall choose from their number a president, and they shall choose a secretary, a treasurer, assessor and collector of taxes, and other necessary officers and committees."

This provision has been in the general law since 1905.

Article 2791, Vernon's P. C. S. reads as follows:

"The district tax assessor and collector shall have the same power and shall perform the same duties with reference to the assessment and collection of taxes for free school purposes that are conferred by law upon the city marshal of incorporated towns or villages,

and he shall receive such compensation for his
services as the board of trustees may allow,
except in cities and towns provided for, not to
exceed four per cent of the whole amount of taxes
received by him. He shall give bond in double
the estimated amount of taxes coming annually
into his hands, payable to and to be approved by
the president of the board, conditioned for the
faithful discharge of his duties, and that he will
pay over to the treasurer of the board all funds
coming into his hands by virtue of his office as
such assessor and collector; provided that in the
enforced collection of taxes the board of trustees
shall perform the duties which devolve in such
cases upon the city council of an incorporated town
or city, the president of the board of trustees
shall perform the duties which devolve in such
cases upon the mayor of an incorporated city or
town, and the county attorney of the county in which
the independent school district is located shall
perform the duties which in such cases devolve
upon the city attorney of an incorporated city or
town under the provisions of the law applicable
thereto. It shall be within the discretion of the
board of trustees of any independent school district
to name an assessor of taxes who shall assess the
taxable property within the limits of the independent
school district within the time and in the manner
provided by existing laws, in so far as they are
applicable, and when said assessment has been
equalized by a board of equalization appointed by
the board of trustees for that purpose, shall pre-
pare the tax rolls of said district and shall duly
sign and certify same to the county tax collector
as provided for in the succeeding article. The
said assessor of taxes shall receive a fee of two
per cent of the whole amount of taxes assessed by
him as shown by the completed certified tax rolls."

Article 2792, Vernon's R. C. S. reads as follows:

" When a majority of the Board of Trustees of an
Independent District prefer to have the taxes of their
District assessed and collected by the County Assessor
and Collector, or collected only by the County Tax
Collector, same shall be assessed and collected by
said County Officers and turned over to the Treasurer
of the Independent School District for which such taxes
have been collected. . . . . and in such cases the

Honorable L. A. Woods    Page 5

County Tax Assessor and Collector shall assess the taxes for said District on separate assessment blanks furnished by said District and shall prepare the rolls for said District in accordance with the assessment values which have been equalized by a Board of Equalization appointed by the Board of Trustees for that purpose. If said taxes are assessed by a Special Assessor of the Independent District and are collected only by the County Tax Collector, the county Tax Collector in such cases shall accept the rolls prepared by the Special Assessor and approved by the Board of Trustees as provided in the preceding Article. When the County Assessor and Collector is required to assess and collect the taxes of Independent School Districts he shall respectively receive one per cent (1%) for assessing, and one per cent (1%) for collecting same."

It will be seen from the foregoing that the Longview Independent School District may adopt either of the two plans authorized. That is to say, it may appoint its own assessor and collector, or it may have the taxes assessed and collected by the county assessor and collector, but if assessed and collected by the County Assessor and Collector the valuations of property must be the same as for State and County purposes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          C. F. Gibson
            Assistant

CFG:RCD

APPROVED
OPINION
COMMITTEE
BY ___ CHAIRMAN

APPROVED MAY 5, 1934

ATTORNEY GENERAL OF TEXAS